```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
ERROL MCCURRIE, ET AL.,
                                  *
     Plaintiffs,
                                  *    CIVIL NO.: WDQ-06-3423
v.
                                  *
BENNIE LEE ANDERSON, ET AL.,
                                  *
     Defendants.
                                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Errol McCurrie and Bianca Fowler sued Bennie Lee Anderson, a truck driver, and Celadon Trucking Service, Inc., a commercial carrier and Anderson's employer ("Celadon"), for injuries resulting from a two-vehicle collision.  The Plaintiffs seek to hold Anderson and Celadon liable for common-law negligence and Celadon vicariously liable for Anderson's negligence.

Pending is the Plaintiffs' motion to remand the proceedings to the Circuit Court for Washington County, Maryland.  For the reasons discussed below, the motion will be granted.

I.   Background

On March 6, 2006, Fowler, the driver of a vehicle owned by McCurrie, and McCurrie, the passenger in the vehicle, were traveling northbound on Interstate 522 in Washington County, Maryland.  Compl. ¶ 5.  At that time, Anderson was driving a

1

truck in front of the Plaintiffs.  *Id*. ¶ 6.  At 9:15 p.m. the two vehicles were involved in a collision.  *Id*. ¶¶ 5, 8.

On December 12, 2006, the Plaintiffs filed suit in Washington County.  On December 26, 2006, the Defendants filed their Notice of Removal to this Court.

II.  Analysis

The Plaintiffs have moved to remand, pursuant to 28 U.S.C. § 1447, arguing that the Court does not have diversity jurisdiction because the amount in controversy does not exceed the $75,000 jurisdictional prerequisite required by 28 U.S.C. § 1332(a).  The Defendants counter that: (1) the Plaintiffs' claims should be aggregated; (2) the aggregated claims exceed $75,000; and (3) the Court has federal question jurisdiction under 28 U.S.C. § 1331.

A.   Standard of Review

Under 28 U.S.C. § 1441(a), the statute governing removal, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed."  Under § 1441(b), federal district courts have original, and thus removal jurisdiction when the district court has federal question or diversity jurisdiction.  *See In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006).

The burden of demonstrating that removal jurisdiction is proper rests on the party seeking removal. *Id*. As removal jurisdiction raises federalism concerns, it must be strictly interpreted; therefore, if federal jurisdiction is doubtful, remand is necessary. *Sandlass v. Sears, Roebuck and Co.*, 462 F.Supp.2d 701, 703 (D. Md. 2006) (*citing Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)(en banc)).

A district court should pay particular attention to motions to remand, as "remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Indeed, although certain exceptions have been found,[1] the limitation on review has been said to apply even when a "remand order is manifestly, inarguably erroneous." *In re Blackwater*, 460 F.3d at 582 (citations omitted). Nevertheless, "[i]f it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation*

---

[1] The Fourth Circuit has found that: 1) "the Supreme Court has interpreted § 1447(d) to prohibit review only when the order of remand was based upon § 1447(c), which requires remand when the district court determines that it lacks subject matter jurisdiction;" 2) "[section] 1447(d) does not prohibit review of a collateral decision that is severable from the remand order;" and 3) "[section] 1447(d) does not prohibit review of a remand order if that order exceeds the scope of the district court's authority." *In re Blackwater*, 460 F.3d at 583.

3

*Trust*, 463 U.S. 1, 8 (1983).

B.   Diversity Jurisdiction

The Plaintiffs do not challenge the diversity of the parties and the Defendants do not contend that the Plaintiffs deliberately under-pled their damages to avoid diversity jurisdiction.  The sole point of contention with respect to diversity jurisdiction is whether the claims of the two Plaintiffs may be aggregated.  The relevant portion of the diversity jurisdiction statute, 28 U.S.C. § 1332, provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The Plaintiffs argue that their claims cannot be aggregated to satisfy § 1332.  Claims may be aggregated to satisfy the amount in controversy requirement of § 1332(a) in two situations, when: (1) a single plaintiff seeks to aggregate two or more of his or her own claims against a single defendant; or (2) two or more plaintiffs combine to enforce a single title or right in which they have a common and undivided interest.  *Herlihy v. Ply-Gem Industries, Inc.*, 752 F.Supp. 1282, 1287 (D. Md. 1990) (*citing Snyder v. Harris*, 394 U.S. 332, 335 (1969)); *Glover v. Johns-Manville Corp.*, 662 F.2d 225, 231 (4th Cir. 1981); *Troy Bank of Troy, Indiana v. G.A. Whitehead & Co.*, 222 U.S. 39, 40

(1911) ("When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount").

Although the Plaintiffs were in the same vehicle, they are not enforcing a single title or right in which they have a common and undivided interest.  Instead, the Plaintiffs seek to recover for their individual injuries.  In a negligence suit such as this, where one plaintiff was the driver and the other the passenger and they each suffered separate injuries, the Plaintiffs' recovery, although related, often varies.  Accordingly, as each plaintiff seeks $50,000, an amount less than that required by § 1332(a), diversity jurisdiction does not exist.

C.    Federal Question Jurisdiction

The Defendants argue extensively that the Court has federal question jurisdiction, though they omitted identifying such grounds in their Notice of Removal.  The statute creating federal question jurisdiction, 28 U.S.C. § 1332, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Thus, analysis of the Defendants' removal depends on whether the Plaintiffs' claims 'arise under' federal law.  *Pinney v. Nokia, Inc.*, 402 F.3d 430,

441 (4th Cir. 2005).[2]

Courts apply the well-pleaded complaint rule when determining whether a plaintiff's claim arises under federal law. *Id*. at 442. Under the rule, courts "ordinarily look no further than the plaintiff's properly pleaded complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction." *Id*. (citations omitted). In doing so, the court is mindful of the general rule that "a plaintiff is the master of the claim and he may avoid federal jurisdiction by exclusive reliance on state law in drafting his complaint." *Id*. (*citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, the Plaintiffs' claim is created by Maryland common-law negligence; moreover, the federal statutes and regulations offered by the Defendants are not even mentioned in the complaint. Accordingly, there is no federal question jurisdiction on the face of the complaint.

In assessing whether federal question jurisdiction exists, however, the court must also determine whether the complaint establishes that "the plaintiff's right to relief *necessarily* depends on resolution of a *substantial* question of federal law, in that federal law is a *necessary element* of one of the well-pleaded claims." *Id*. *(citing Christianson v. Colt Industries*

---

[2] The Court finds no evidence of purposeful concealment of a federal claim by artful pleading.

*Operating Corp.*, 486 U.S. 800, 808 (1988)) (emphasis added). Thus, under the substantial federal question doctrine, to establish subject matter jurisdiction the Defendants must prove that: (1) the plaintiffs' right to relief "necessarily depends on a question of federal law;" and (2) "the question of federal law is substantial." *Id*. If a defendant "fails to establish either of these elements, the claim does not arise under federal law pursuant to the substantial federal question doctrine, and removal cannot be justified under this doctrine." *Id*. (*citing Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004).

"A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Dixon*, 369 F.3d at 816. "If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law." *Pinney*, 402 F.3d at 442. Here, the Plaintiffs state a cause of action for negligence and they seek to use the federal statutes as evidence of the proper standard of care. As the violation of a statute is only evidence of negligence in Maryland, *Polakoff v. Turner*, 385 Md. 467, 478 (2005), a fact-finder could find that the standard of care was breached without finding a violation of federal law. Accordingly, there is no substantial federal question. *See*

7

*Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 153-54 (4th Cir. 1994) (no substantial federal question if the plaintiff might still be entitled to recover despite a finding that the defendant did not violate any federal statute).

As the Defendants cannot establish that the claim necessarily depends on a question of federal law, the court need not address the second element of the substantial federal question test.  Accordingly, this court does not have federal question jurisdiction in this matter.

III. Conclusion

For the reasons stated above, the motion to remand will be granted.


<u>March 14, 2007</u>                          <u>        /s/                </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge